IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BURNICE T. DREDING, JR.,      )
           )
     Plaintiff,        )
           )
v.            )      CIVIL ACTION NO. 10-0613-CG-N
           )
SAMMY PITTS, et al.,       )
           )
     Defendants.     )

## REPORT AND RECOMMENDATION

The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a). By order (doc. 2) dated November 15, 2010, the court *sua sponte* raised the issue of its jurisdiction over this action and ordered plaintiff, who is appearing in this action pro se,[1] to show cause why this action should not be dismissed without prejudice on that basis. The order set forth the applicable standards for asserting federal jurisdiction on grounds of either diversity of citizenship or federal question.

Plaintiff has filed his response (doc. 3). In it, he asserts that the citizenship of the parties is irrelevant but that this court should exercise jurisdiction over his suit because defendant is a carrier, governed by the Interstate Commerce Commission. He makes a particular point that the ICC requires defendant to maintain a certain amount of liability insurance. His response, however, demonstrates that there is no connection between the claim made in the complaint and any action by the ICC or any provision of federal law.

---

[1] Plaintiff is currently at the Atmore Work Center. Plaintiff filed his complaint on the court's form for a prisoner action under § 1983, but the action does not come within the scope of that section; the court thus construes the complaint without reference to that statute.

The test of subject matter jurisdiction was set forth by the Supreme Court in <u>Louisville v. Mottley and Nashville Railroad</u>, 211 U.S. 149 (1908). "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." <u>Id</u>. The suit must allege a federally created right or immunity that "will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." <u>Gully v. First Nat. Bank</u>, 299 U.S. 109, 112 (1936). Moreover, the federal question must be essential to the claim as a whole. <u>Id</u>.

Here, the face of the complaint demonstrates that neither a federal law nor a constitutional issue is called into question. Plaintiff has stated property damage claims, fully cognizable under state law. There is no need for a court addressing these claims to construe, any regulation of the ICC, even if a judgment might ultimately be paid by insurance coverage required by such regulation. Plaintiff's complaint does not raise a federal question and thus does not support the exercise of federal jurisdiction. *See e.g*. <u>Lewis v. Roy Widener Motor Lines, Inc.</u>, 1993 WL 221102 (E.D.Pa.) (argument that ICC standards for hiring drivers might be relevant to claim that defendant negligently hired driver who caused accident held to be inadequate basis for federal question jurisdiction); <u>Henslin v. Roaasti Trucking, Inc</u>., 815 F.Supp. 1347, 1348 (E.D. Cal. 1993) (no federal question jurisdiction where defendant licensed by ICC, but where claims did not raise challenge to ICC rate and tariff); <u>Geiger v. Cavanaugh</u>, 1987 WL 11715 (S.D. Tex.) (personal injury case in which ICC regulation would be basis of liability, but where there was no private right of action under the ICC regulation, held not to satisfy well-pleaded complaint rule; no jurisdiction on removal); <u>Jandreau v. Post-Script Warehouse, Inc</u>.,

601 F.Supp. 933, 934 (D.C. Conn. 1985) (claim defendant violated ICC regulation, where statute did not create private cause of action for violation of those regulations, was insufficient to establish federal question jurisdiction).

The court lacks subject matter jurisdiction over this action. Accordingly, it is hereby RECOMMENDED that plaintiff's complaint be DISMISSED without prejudice.

*See* **Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

DONE this the 17th day of December, 2010.


/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/_____

4